|  |  |  |
|---|---|---|
| | ) United States District Court | |
| Andrew U. D. Straw, | ) Northern District of Illinois | |
|     Plaintiff | ) | |
| | ) | Case No. 1:14-cv-5194 |
| v. | ) | Jury Trial Not Demanded |
| American Bar Association Section of | ) | |
| Legal Education and Admission to | ) | |
| the Bar, | ) | |
| Yale Law School, | ) | |
| Harvard Law School, | ) | |
| Stanford Law School, | ) | |
| Columbia Law School, | ) | |
| Univ. of Chicago Law School, | ) | |
| New York University Law School, | ) | |
| Univ. of Pennsylvania Law School, | ) | |
| Univ. of Virginia Law School, | ) | |
| Univ. California-Berkeley Law School, | ) | |
| Duke University Law School, | ) | |
| Univ. of Michigan Law School, | ) | |
| Northwestern Univ. Law School, | ) | |
| Cornell Law School, | ) | |
| Georgetown Law School, | ) | |
| Univ. of Texas-Austin Law School, | ) | |

UCLA Law School,                              )

Vanderbilt Law School,                        )

Washington U. St. Louis Law School,           )

Emory Univ. Law School,                       )

George Washington Law School (DC),            )

Univ. of Minnesota Law School,                )

Univ. of S. California Law School,            )

Univ. of Alabama Law School,                  )

William & Mary Law School,                    )

Univ. of Washington Law School,               )

Notre Dame Univ. Law School,                  )

Boston Univ. Law School,                      )

Univ. of Iowa Law School,                     )

Indiana Univ.-Maurer Law School,              )

Univ. of Georgia Law School,                  )

Arizona State Univ. Law School,               )

Ohio State Univ. Law School,                  )

U of N. Carolina Chapel Hill Law,             )

Univ. of Wisconsin Law School,                )

Wake Forest Law School,                       )

Boston College Law School,                    )

Brigham Young Univ. Law School,               )

Fordham Law School,                           )

Univ. of California Davis Law School,  )

Univ. of Arizona Law School,         )

U. of Ill., Urbana-Champaign Law,    )

S. Methodist Univ. Law School,      )

Univ. of Colorado Law School,       )

Washington & Lee Univ. Law School, )

Florida State Univ. Law School,      )

George Mason Univ. Law School,    )

Tulane Univ. Law School,            )

Univ. of Maryland Law School,      )

Univ. of Florida-Levin Law School,   )

Univ. of Utah-Quinney School of Law, )

    Defendants.                )

## COMPLAINT

Comes now plaintiff Andrew U. D. Straw, for my complaint for

redress of damages from the American Bar Association Section of Legal

Education and Admission to the Bar, et. al., defendants, for their

violations of his civil rights under the Rehabilitation Act of 1973, §504,

the Americans with Disabilities Act, Title II (for state university

3

defendants) and Title III (for private university defendants and the ABA):

## STATEMENT

1. Plaintiff alleges that he is a person with mental and physical disabilities. He has bipolar disorder. He also has injuries from a reckless driver hitting him on the way to work at the Indiana Supreme Court. These include a crushed hip and leg broken in four places; he has approximately 30 pins holding his hip and leg together, plus a total hip replacement.

2. His injuries give Straw standing to challenge discrimination on the basis of both physical and mental disabilities. He has standing here.

3. Straw is an attorney and practices disability rights law. He is also a political advocate for disability rights. (See Plaintiff's Exhibits 1 & 2)

4. Straw was recognized by the American Bar Association's Commission for Disability Rights as its "Spotlight" disabled American attorney for January of 2014. (See Plaintiff's Exhibit 2)

5. Straw has challenged disability violations in state and federal court on his own account, *pro se*, and before state and federal civil rights agencies, *pro se*. *Straw v. Chamber, et.al.*, 2013L063066 (Cook Cty Cir. Ct.), *Straw v. Kloecker, et. al.*, 14-1714 (U.S. Court App. 7th Cir.), *Straw v. Indiana Democratic Party*, 93A02-1406-EX-399 (Ind. Ct. App. 2014), *Straw v. Illinois*, CR-13-8 (U.S. Treasury), *Straw v. Indiana*, DJ# 204-26S-189 (U.S. Department of Justice).

6. Straw was found "qualified" by the U.S. Office of Personnel Management to be general counsel for the U.S. Access Board, the federal agency that establishes disability access standards in the United States, including for the Americans with Disabilities Act. (See Plaintiff's Exhibit 3)

7. Straw has a Doctor of Jurisprudence degree from Indiana University-Maurer School of Law.  Graduation: 12/31/1997

8. Straw is admitted to practice law in Virginia (1999) and Indiana (2002), and he alleges that he was discriminated against on the basis of disability by the Indiana State Board of Law Examiners in 2002.  When he challenged the consent decree he was forced to

sign to get his license, alleging ADA Title II violations, the Indiana State Board of Law Examiners provided him an unencumbered license in 2006.

9. Straw wishes to write a dissertation and obtain a Ph.D. with his topic to be: discrimination on the basis of disability in law school admissions and state supreme court rules of admission and discipline, to cover all 50 states.

10. Straw's Ph.D. dissertation title is: "Combating Disability Discrimination in the U.S. Legal System." (See Plaintiff's Exhibit 6)

11. "All law schools approved by the American Bar Association are LSAC members…" (See Plaintiff's Exhibit 4)

12. Discrimination in law school admissions is universal. The Law School Admission Test was conducted by the LSAC so that disabled test-takers who asked for accommodations were "flagged" by its publisher, the Law School Admissions Council (LSAC). This "flagging" was then provided to the law schools. This of course is discriminatory, and the LSAC (with all ABA-accredited law schools as members) admitted as much in May of 2014 in its

consent agreement with the U.S. Department of Justice. (See Plaintiff's Exhibits 5 & 8)

13.    Straw sought to know which law school was admitting the highest percentage of its class with disabilities, because his work is very sensitive and he wanted a school that is not discriminating as much as the others. Following the May announcement by the Department of Justice of LSAC's consent agreement, he began searching for such a school.

14.    What Straw found is that none of the top 50 law schools, according to U.S. News & World Report, provide disability statistical information online regarding their classes.

15.    All of them provide gender or minority status, or both. (See Plaintiff's Exhibits Class1-Class50)

16.    All universities are required to have accommodations after admission, and this is not the issue for Plaintiff Straw. The issue is *discrimination in admissions* before students are even eligible to ask for those accommodations. Not providing information on class profiles allows schools to hide their poor records, and hide the likelihood that further discrimination is likely at that school.

17.     Because all ABA-accredited law schools have been provided the "flagged" information to identify disabled students, and because all are on the LSAC which flagged these students for them, hiding disabled student statistics is these schools' means to hide the discrimination in which they have been engaging through this system.  The *law schools already discriminated* and *admitted as much*, since LSAC admitted it and they are *all members*.

18.     These schools are leaders in the field of law, and graduated the top attorneys in law firms, government, and the private sector. When they discriminate, they create generations of lawyers with an artificially low number who have disabilities.  That low number is not sufficient to meet the needs of the millions of Americans who have mental and physical disabilities.

19.     This is what must change.  Straw's Ph.D. after years of experience will document the barriers in law school admissions and bar admissions that make the legal profession insensitive to disability rights, even when Congress voted unanimously to strengthen the ADA in both the United States House of Representatives and the United States Senate.  Those unanimous

8

changes reversed five U.S. Supreme Court decisions limiting

disability rights, and those reversed decisions are a symptom of

the problem.

20.     When the law schools hid class profile disability information,

it affected Plaintiff Straw's ability to choose a school that

discriminates less, since he has mental and physical disabilities

himself and he is studying this phenomenon.  He alleges that a

school that discriminates less will be more supportive of his work,

and less likely to undermine his work.

21.      The American Bar Association Section of Legal Education

and Admission to the Bar mandates its Standard 509 form for all

accredited law schools to report information about the schools.

(See Plaintiff's Exhibits 509.1-509.50)

22.     Disability is not a mandated information regarding law

school classes on the 509 form.  (See Plaintiff's Exhibits 509.1-

509.50)

23.     When Straw asked, the American Bar Association refused to

adjust its 509 form to include disability statistics in class

information.  This is wrong, contrary to law and human rights, and the ABA must change the form.

24.     The refusal injured Straw, since he seeks to do his Ph.D. at a school that publishes this information to reduce the chance of discrimination to himself.   Disability discrimination in the legal system and barriers to becoming a lawyer or judge with disabilities are the battleground of a hot civil rights war. Following the LSAC's defeat in discriminating with the very test used by law schools in admissions, the LSAT, it is time to find out the raw numbers of students with disabilities as a benchmark.

25.     Women needed these statistics decades ago, and now we can see officially (on the 509 form) how most schools have about 50% women now.  Minority students needed these statistics decades ago, and now we see how most schools have improved these numbers also.  Students with disabilities need these statistics just as much to combat discrimination and make choices about where to study.  Law schools may not make the specious argument that asking admitted students these numbers is discriminatory.  They have already discriminated; the purpose of asking (with

anonymity) now is to record these raw numbers and use them as a benchmark to evaluate future classes and progress.

26.     Plaintiff Straw needs the numbers, as he was not only discriminated against by this lack of information, but he needs it for his work.  This very discrimination is the topic of his Ph.D. dissertation.  (See Plaintiff's Exhibit 6)

27.     Straw is well prepared, and the U.S. government has affirmed it.  In May/June of 2014, Straw was deemed highly qualified, and referred to the hiring official at the Library of Congress (to be an Administrative Librarian), the U.S. Department of Transportation (to be the Director, Departmental Office of Human Resources Management), and the U.S. Army (to be Attorney Advisor, Army Medical Command).  (See Plaintiff's Exhibit 7)

28.     Straw believes that not providing the information he requested creates an ***information barrier*** to admissions for himself and to his Ph.D. work, since students with disabilities like himself were being discriminated by every single one of these law schools

through their membership in the discriminating Law School

Admission Council. (See Plaintiff's Exhibits 5 & 8)

29.     Congress has found in 29 U.S.C. §701 that:

"(5) individuals with disabilities **continually encounter various**

**forms of discrimination** in such critical areas as employment,

housing, **public accommodations**, **education**, transportation,

**communication**, recreation, institutionalization, health services,

voting, and **public services**; and"

"(6) the goals of the Nation properly include the goal of providing

individuals with disabilities with **the tools necessary** to—

(A) **make informed choices and decisions**; and

(B) achieve **equality of opportunity, full inclusion and integration**

**in society**, employment, independent living, and economic and

social self-sufficiency, for such individuals."

30.     These "top 50" law schools, as defined by the U.S. News and

World Report rankings, have discriminated, and continue to

discriminate. These "top 50" law schools have refused to provide

**"the tools necessary to make informed choices and decisions"**

about which school to attend.

12

31.     Straw wished to attend a school that discriminates less on the basis of disability, as is his right, and these schools are **hiding which school that is**.  These law schools are hiding their history of discrimination from students by hiding their disability enrollment statistics.  They are hiding their current discrimination in the latest class, even after LSAC admitted what their discriminatory scheme was: flagging LSAT scores, then identifying students who had flagged scores to LSAC's members, all ABA-accredited law schools.

32.     The American Bar Association is assisting these "top 50" law schools in discriminating by not mandating disability statistics on its Standard 509 form.  The 509 form should show how many students with mental and physical disabilities are in law school classes, just as it does minority status or gender.

33.     Without this benchmark, schools will have no motivation to change and take affirmative steps to reverse the discrimination that has existed up to this time.

34.     This discrimination has harmed prospective Ph.D. student Andrew Straw in his seeking a university that discriminates less,

and it harms every disabled prospective law student, who deserve
to know which schools were discriminating against them in the
severest and most basic ways, and which schools were doing
better.

35.    Straw wishes also to know the disability statistics in
employment of law school teaching staff, for the same reasons.
Disabled professors will teach in a manner that is more sensitive
to these human rights, Straw alleges.

## AMERICANS WITH DISABILITIES ACT, TITLES II AND III

36.    The ADA, Title II, prohibits public entities such as law
schools at public universities from discriminating.  42 U.S.C.
§12132.  "Subject to the provisions of this subchapter, **no qualified
individual with a disability shall**, by reason of such disability, be
excluded from participation in or be denied the benefits of
**services, programs, or activities** of a public entity, or **be subjected
to discrimination by any such entity**."

37.    The ADA, Title III, prohibits private entities such as law
schools at private universities from discriminating as "public
accommodations."  42 U.S.C. §12181(7)(J).

14

38.      42 U.S.C. §12182(a) General rule:

39.      "No individual shall be discriminated against on the basis of disability in the **full and equal enjoyment** of the **goods**, **services**, **facilities**, **privileges**, **advantages**, or **accommodations** of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

40.      42 U.S.C. §12182(b)(1)(D)

(D) Administrative methods

An individual or entity shall not, directly or through **contractual** or **other arrangements**, utilize **standards or criteria or methods of administration**

(i)      that **have the effect of discriminating** on the basis of disability; or (ii) that **perpetuate the discrimination of others** who are subject to common administrative control.

41.      42 U.S.C. §12182(b)(2)(A)(ii) prohibits:

42.      "a failure to make reasonable modifications in **policies**, **practices, or procedures**, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity

15

can demonstrate that making such modifications would

fundamentally alter the nature of such goods, services, facilities,

privileges, advantages, or accommodations;"

43.     In the case of these "top 50" law schools, all of them

discriminated under the terms of their consent agreement with

the Department of Justice in May of 2014.  Not providing the

statistics allows them to perpetuate their own discrimination with

no oversight.

44.     The law schools have agreed that they discriminated,

because all are members of the Law School Admission Council,

and all received the "flagged" scores.

45.     The terms of that agreement did not include the positive

step of mandating them to provide statistics on disabled students

in law school classes, but this is **<u>absolutely necessary to ensure</u>**

**<u>discrimination stops</u>**, and to see the extent of the discrimination

that has been happening under the previous discriminatory LSAT-

"flagging" regime.  Similarly, it is necessary to reveal the

disability statistics of law school teaching staff, because these staff

run law schools, participate in hiring deans, and participate in admission decisions.

## REQUEST FOR RELIEF

46.     Plaintiff Straw respectfully seeks no monetary damages against the American Bar Association Section on Legal Education and Admission to the Bar, but instead appropriate injunctive relief. Straw respectfully requests that this honorable Court provide injunctive relief to mandate that the American Bar Association will immediately include disability (both mental and physical) statistics about both law student classes and faculty members on its Standard Form 509. Law students from each incoming class and professors teaching at each school should be required to provide this information in an absolutely confidential manner, **just as they do with gender and minority status**.

47.     I respectfully request $400 from the American Bar Association to reimburse my court filing costs here, plus $300 to pay for my other costs incident to filing, i.e., postage. Defendant American Bar Association has taken part in the "flagging-discriminating-hiding statistics" system which has heretofore been

used to exclude disabled law students.  Its Standard Form 509

does not ask for disability statistics, and this has been the excuse

law schools give in not providing this vital information.  Forcing

the ABA Section of Legal Education and Admission to the Bar to

include disability on its mandatory form 509 is critical to

addressing disability discrimination we know is taking place.  The

ABA accredits law schools, and its lack of leadership has

encouraged law schools to discriminate, knowing full well that the

ABA has not made them reveal their discrimination in mandated

statistics.

48.     Plaintiff respectfully further requests that this honorable

Court provide injunctive relief to mandate each law school

defendant to immediately survey each class currently in the law

school and provide to Plaintiff Straw the disabled student

enrollment statistics at that school, and the rate of mental and

physical disability in the teaching staff employed at each school.

The legal authority for this is the Americans with Disabilities Act,

Titles II and III.

49.     LSAC admitted that its flagging of disabled students' scores was a discriminatory scheme by the Council to exclude disabled students from law school.  ALL ABA-accredited law schools were participating.

50.     As a physically and mentally disabled prospective Ph.D. student, I need this information to make informed choices about these schools, and I am entitled to this information by law.  I respectfully request that the schools disgorge this information.

51.     The remedy here is for the schools not just to provide accommodations for students with disabilities, but to let the world know how much they have discriminated, and that is precisely what Plaintiff Straw is asking for, as he intends to publish these statistics in his Ph.D. dissertation and in an appropriate law journal.  The 509 form is published by each and every ABA-accredited law school each year.  Changing this form is therefore absolutely essential.

52.     Beyond that, law schools also have obligations to make up for their hundreds of years of past discrimination starting immediately.  Straw respectfully requests that this Honorable

Court provide injunctive relief to mandate all of these 50 law schools to reveal to Straw the disability statistics of its law professors.  This is just as important as law school class profiles, and it will show which schools have the most professors sensitive to these issues.  This will allow prospective students to choose with adequate information, as required by law.

53.     Straw respectfully seeks statistics that will serve as benchmarks to show whether schools improve in their admission practices and employment of law teaching staff.

54.     These reports should appear in the same place that race and gender information appears about each class.  Every student should be required to provide this information, but anonymously, to the school, and then the school should be ordered to provide this information to Plaintiff Straw as statistics (raw numbers of students and faculty with a mental or physical disability out of total numbers of students and faculty) with no identifying information.

## JURISDICTION

55.     The Court has jurisdiction over this action pursuant to 42

U.S.C. §12133 (public law school defendants) and 42 U.S.C.

§12188(a)(1) (private law school defendants), and 29 U.S.C.

§794(a).  The Court may grant injunctive relief pursuant to the

Americans with Disabilities Act, 42 U.S.C. §§12101, 12188(a)(2).

Therefore, this case is under federal question jurisdiction under 28

U.S.C. §1331.

## VENUE

56.     Venue lies in this District and this Division pursuant to 28

U.S.C. § 1391 because the plaintiff lives in Cook County, Illinois,

and discrimination took place there.  The American Bar

Association Section of Legal Education and Admissions to the Bar

is located in this federal District, in Chicago.  All of the law

schools are subject to the federal laws mentioned, and they

advertise on the Internet with web pages, and appear on the

Internet within the Northern District of Illinois.  Straw

downloaded the 509 forms and the class profile information on his

laptop in Streamwood, Illinois.

21

I, Andrew U. D. Straw, provided the above statements and verify under penalty of perjury that they are true to the best of my knowledge and belief.

Respectfully submitted,

ANDREW U. D. STRAW
241A Brittany Drive
Streamwood, IL 60107
Telephone:        (574) 971-0131
Fax:                    (877) 310-9097
Email:        andrew@andrewstraw.com

Date: this 9th Day of July, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing:

COMPLAINT, EXHIBITS 1-8, EXHIBITS 509.1-509.50, EXHIBITS CLASS1-CLASS50, and CIVIL COVER SHEET

with the Court using the CM/ECF system, which will serve the attached on all counsel of record. In addition, I am serving all of the following defendants the COMPLAINT on disk, plus EXHIBITS 1-8 on disk, plus EXHIBITS 509.1-509.50 on disk, plus EXHIBITS CLASS1-CLASS50 on disk, plus Requests for Waiver of Service of Summons with two copies of Waiver of Summons forms, with a postage-paid return envelope, via certified U.S. Mail:

Yale Law School
127 Wall Street
New Haven, CT 06511

Harvard Law School
1585 Massachusetts Avenue
Cambridge, MA 02138

Stanford Law School
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305

Columbia Law School
435 W. 116 Street
New York, NY 10027

Univ. of Chicago Law School
1111 E. 60th Street
Chicago, IL 60637

New York University Law School
40 Washington Square South
New York, NY 10012

Univ. of Pennsylvania Law School
3501 Sansom Street
Philadelphia, PA 19104

Univ. of Virginia Law School
580 Massie Rd
Charlottesville, VA 22903

Univ. California-Berkeley Law School
Boalt Hall 215
Berkeley, CA 94720-7200

Duke University Law School
210 Science Drive
Durham, NC 27708

Univ. of Michigan Law School
625 S. State Street
Ann Arbor, MI 48109

Northwestern Univ. Law School
357 East Chicago Avenue
Chicago, IL 60611

Cornell Law School
Myron Taylor Hall
Ithaca, NY 14853

Georgetown Law School
600 New Jersey Avenue, NW
Washington, DC 20001

Univ. of Texas-Austin Law School
727 E Dean Keeton Street D1800
Austin, TX 78705

UCLA Law School
385 Charles E. Young Drive East
Los Angeles, CA 90095

Vanderbilt Law School
131 21st Ave South
Nashville, TN 37203

Wash. U. St. Louis Law School
1 Brookings Drive
St. Louis, MO 63130

Emory Univ. Law School
1301 Clifton Rd
Atlanta, GA 30322

Geo. Wash. Law School (DC)
2000 H Street, NW
Washington, DC 20052

Univ. of Minnesota Law School
229 19th Avenue South
Mondale Hall
Minneapolis, MN 55455

Univ. of S. California Law School
699 Exposition Blvd.
Los Angeles, CA 90089-0071

Univ. of Alabama Law School
101 Paul Bryant Drive
Tuscaloosa, AL 35487

William & Mary Law School
613 S. Henry St.
Williamsburg, VA 23187

Univ. of Washington Law School
4293 Memorial Way NE
Seattle, WA 98195

Notre Dame Univ. Law School
1100 Eck Hall of Law
Notre Dame, IN 46556

Boston Univ. Law School
765 Commonwealth Ave
Boston, MA 02215

Univ. of Iowa Law School
280 Boyd Law Building
130 Melrose Avenue
Iowa City, IA 52242

Indiana Univ.-Maurer Law School
211 S. Indiana
Bloomington, IN 47405

Univ. of Georgia Law School
Herty Drive
Atlanta, GA 30602

Arizona State Univ. Law School
1100 S. McAllister Ave
Tempe, AZ 85287-7906

U of N. Carolina Chapel Hill Law
Van Hecke-Wettach Hall
160 Ridge Rd
Chapel Hill, NC 27599

Wake Forest Law School
1834 Wake Forest Rd
Winston-Salem, NC 27109

Brigham Young Univ. Law School
366 JRCB
Provo, UT 84602

Univ. of California Davis Law School
400 Mrak Hall Drive
Davis, CA 95616

Univ. of Illinois Urbana-Champaign
Law School
202 Law Building, MC-594
504 E. Pennsylvania Avenue
Champaign, IL 61820

Univ. of Colorado Law School
Wolf Law Building, 401 UCB
2450 Kittredge Loop Rd
Boulder, CO 80309

Florida State Univ. Law School
425 W. Jefferson Street
Tallahassee, FL 32306-1601

Tulane Univ. Law School
John Giffen Weinmann Hall
6329 Freret Street, Suite 210
New Orleans, LA 70118-8373

Ohio State Univ. Law School
55 W. 12th Avenue
Columbus, OH 43210

Univ. of Wisconsin Law School
975 Bascom Mall
Madison, WI 53706

Boston College Law School
885 Centre St.
Newton, MA 02459

Fordham Law School
140 W. 62nd Street
New York, NY 10023

Univ. of Arizona Law School
1201 E. Speedway
Tucson, AZ 85721

S. Methodist Univ. Law School
3315 Daniel Avenue
Dallas, TX 75275-0110

Wash. & Lee Univ. Law School
Sydney Lewis Hall
Lexington, VA 24450

George Mason Univ. Law School
3301 Fairfax Drive
Arlington, VA 22201

Univ. of Maryland Law School
500 W. Baltimore Street
Baltimore, MD 21201

Univ. of Florida-Levin Law School    U. of Utah-Quinney Sch. of Law
309 Village Drive    332 S. 1400 East Rm 101
Gainesville, FL 32611    Salt Lake City, UT 84112

American Bar Association
Section of Legal Education and Admission to the Bar
321 N. Clark Street, 21st Floor
Chicago, IL 60654

Dated this 9th day of July, 2014

ANDREW U. D. STRAW
1900 E. Golf Rd, Suite 950A
Schaumburg, IL 60173
Tel. 312-985-7333
Fax  877-310-9097
andrew@andrewstraw.com